UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE RIDER,<br><br>    Petitioner,<br><br>    v.<br><br>JASON FRIERSON, *et al.*,<br><br>    Respondents. | Case No.  2:19-cv-01831-RFB-NJK<br><br>**ORDER** |

In this habeas corpus action, brought under 28 U.S.C. § 2241, the pro se petitioner, Lawrence Rider, who is on parole serving a life sentence for sexual assault, challenges the requirement that he register as a sexual offender pursuant to Nevada law. Respondents have filed a motion to dismiss. The Court will grant the motion to dismiss on the ground that Rider's claims are not cognizable in this habeas corpus action.

In 1984, Rider was convicted of sexual assault in a Nevada court and sentenced to life in prison. See Judgment of Conviction, Exh. 12 (ECF No. 16-12). Consequently, Rider is subject to sex offender registration requirements under Nevada law. According to Rider, in 2007 the state law was amended, and he contends that the new requirements are unconstitutional. See Petition for Writ of Habeas Corpus (ECF No. 1). Rider claims that the new registration requirements violate his right to "freedom from attainder, pains and penalties" under Article 1, Section 10, Clause 1, his right to freedom from unreasonable seizure under the Fourth and Fourteenth Amendments, his right to due process of law under the Fourth and Fourteenth Amendments, and his right to freedom from involuntary servitude under the Thirteenth Amendment. See id. In addition, on June 25, 2020, Rider filed a motion for leave to amend his petition to add a claim that application of the new registration requirements violates the ex post facto clause of Article

1

1, Section 10, of the United States Constitution. See Motion to Amend Petition (ECF No. 26).

Respondents filed their motion to dismiss (ECF No. 12) on April 3, 2020. Rider filed an opposition to that motion, and Respondents replied (ECF Nos. 15, 25). In their motion to dismiss, Respondents argue that Rider's claims are not cognizable in this federal habeas corpus action because he does not challenge his custody and does not seek relief from custody. See Motion to Dismiss (ECF No. 12), pp. 4–5. This argument is well taken.

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons claiming to be in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c); see also Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam). While Rider is on parole (see Petition for Writ of Habeas Corpus (ECF No. 1), p. 2), and therefore "in custody" pursuant to the judgment of a state court (see Jones v. Cunningham, 371 U.S. 236, 237–43 (1963)), he does not, in his habeas petition, challenge that custody; rather, in this case he challenges the sex offender registration requirements that have been imposed upon him. See Petition for Writ of Habeas Corpus (ECF No. 1); Motion to Amend Petition (ECF No. 26). Sex offender registration requirements do not constitute custody within the meaning of the habeas corpus statute. See Henry v. Lungren, 164 F.3d 1240, 1241–42 (9th Cir. 1999) (sex offender registration requirements do not constitute custody); Williamson v. Gregoire, 151 F.3d 1180, 1184 (9th Cir.1998) (same). Therefore, Rider's petition is not cognizable in this federal habeas corpus action. See United States v. Kramer,195 F.3d 1129, 1130 (9th Cir. 1999), as amended (Nov. 18, 1999) (habeas challenge to restitution order not cognizable despite the petitioner being in prison, because claim did not challenge custody). The Court will grant Respondents' motion to dismiss and dismiss this action on that ground.

The Court need not, and the Court elects not to, reach the other arguments made by Respondents in their motion to dismiss.

The Court will deny Rider's motion for leave to amend his petition to add a claim challenging the sex offender registration requirements based on the ex post facto clause of the federal constitution, because such amendment would be futile, given the ground on which this action is dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Amend Petition (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 12) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that, because jurists of reason would not find this ruling debatable or wrong, Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 14th day of January, 2021.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE